**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| DAISY CHATTANOND, | ) | CV 15-08549-RSWL-JCx |
| | ) | |
| Plaintiff, | ) | **ORDER** re: Motion To Stay Action [19] |
| v. | ) | |
| | ) | |
| DISCOVER FINANCIAL SERVICES, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

Currently before the Court is a Motion to Stay Action [19] ("Motion") filed by Defendant Discover Financial Services, LLC ("Defendant").

Having reviewed all papers submitted pertaining to this Motion, the Court **NOW FINDS AND RULES AS FOLLOWS:** the Court **GRANTS** Defendant's Motion and **STAYS** the Action pending the Supreme Court's decision in Spokeo, Inc. v. Robins, 135 S. Ct. 1892 (2015), and the D.C.

1

Circuit's decision in Appeal No. 15-1211.[1]

## I. BACKGROUND

### A. Factual Background

Plaintiff Daisy Chattanond's ("Plaintiff") Action is for unlawful debt collection practices in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA") and the California Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 *et seq.* ("RFDCPA").

Plaintiff alleges that her debt arose through a consumer credit transaction, and that in 2015, Defendant began placing collection calls to Plaintiff demanding payment for an alleged debt owed for a student loan. Id. at ¶¶ 9-10.

Plaintiff alleges that Defendant's calls were placed using an automatic telephone dialing system ("ATDS"). Id. at ¶ 13. Plaintiff also alleges that Defendant's automated collection calls were made without her consent. Id. at ¶ 15. Despite repeated requests to cease, Plaintiff alleges that Defendant continued to place multiple collection calls to Plaintiff on a daily basis. Id. at ¶ 16.

/ / /
/ / /

---

[1] The Court **GRANTS** Defendant's Request for Judicial Notice [20]. Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442. F.3d 741, 746 n. 6 (9th Cir. 2006); Sami v. Wells Fargo Bank, No. C-12-00108 DMR, 2012 WL 3204194, at *1 (N.D. Cal. Aug. 3, 2012) (granting request for judicial notice of a court-entered judgment).

2

**B.   Procedural Background**

On November 2, 2015, Plaintiff filed her Complaint [1].  Plaintiff requests statutory damages under both the TCPA and the RFDCPA.  Compl. ¶¶ 19-22, 25-27.

On January 5, 2016, Defendant filed the instant Motion [19].  The Court took the matter under submission on February 3, 2016 [25].

## II. DISCUSSION

**A.   Legal Standard**

The authority to stay proceedings is incidental to the Court's inherent power to control its docket and calendar and to provide for a just determination of pending cases.  Lopez v. Am. Express Bank, FSB, No. CV 09-07335 SJO (MANx), 2010 WL 3637755, at *4 (C.D. Cal. Sept. 17, 2010) (citing Landis v. N. Am. Co., 299 U.S. 248, 254 (1936)).  The Court, therefore, may "find it . . . efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case."  Leyva v. Certified Grocers of Cal., Ltd., 593 F.2d 857, 863 (9th Cir. 1979).  The rule applies to judicial proceedings and does not require the issues of such proceedings be necessarily controlling of the action before the Court.  Id. at 863-64.  A stay should not be granted unless it appears likely that the other proceedings will be concluded within a reasonable time in relation to the urgency of the claims.  Id.; see Landis, 299 U.S. at 256-57

(discretion abused because the stay "continue[d] in effect" without "reasonable limits").

In exercising its discretion in determining whether to issue a stay, the Court must weigh the competing interests affected by the granting or denying of a request for a stay. Lockyer v. Migrant Corp., 398 F.3d 1098, 1110 (9th Cir. 2005). The competing interests include (1) "the possible damage which may result from the granting of a stay," (2) "the hardship or inequity which a party may suffer in being required to go forward," and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th Cir. 1962) (citing Landis, 299 U.S. at 254-55). The proponent of a stay has the burden of proving that a stay is justified. Clinton v. Jones, 520 U.S. 681, 708 (1997).

**B.   Discussion**

    1.   Stay Pending the Supreme Court's Decision in Spokeo

In Robins v. Spokeo, Inc., the Ninth Circuit held that an individual plaintiff has Article III standing to sue under the Fair Credit Reporting Act ("FCRA") where the plaintiff alleges violations of statutory rights but has not pled actual harm in its complaint. 742 F.3d 409, 413 (9th Cir. 2014), cert. granted, 135 S. Ct. 1892 (U.S. Apr. 27, 2015) (No. 13-1339)

4

On April 27, 2015, the Supreme Court granted certiorari in Spokeo. 135 S. Ct. 1892 (2015). The question presented to the Supreme Court is: "Whether Congress may confer Article III standing upon a plaintiff who suffers no concrete harm, and who therefore could not otherwise invoke the jurisdiction of a federal court, by authorizing a private right of action based on a bare violation of a federal statute."[2] The oral argument in Spokeo took place on November 2, 2015.[3]

While Spokeo involves claims under the FCRA, the constitutional question extends to the TCPA. Other district courts have granted motions to stay in TCPA cases, pending the Supreme Court's determination of the standing issue in Spokeo. See, e.g., Eric B. Fromer Chiropractic, Inc. v. N.Y. Life Ins. & Annuity Corp., No. CV 15-04767-AB (JCx), 2015 WL 6579779, at *1 (C.D. Cal. Oct. 19, 2015) (staying TCPA case); Tel. Sci. Corp. v. Hilton Grand Vacations Co., No. 6:15-cv-969-Orl-41DAB, 2015 WL 744409, at *3 (M.D. Fla. Nov. 20, 2015) (same); Duchene v. Westlake Servs., LLC, No. 2:13-cv-01577, 2015 WL 5947669, at *4 (W.D. Pa. Oct. 13, 2015) (same); Boise v. ACE USA, Inc., No. 15-Civ-21264, 2015 WL 4077433, at *3 (S.D. Fla. July 6, 2015)

---

[2] Question Presented, Spokeo, 135 S. Ct. 1892, available at http://www.supremecourt.gov/qp/13-01339qp.pdf.

[3] Supreme Court of the United States, Granted & Noted List, available at http://www.supremecourt.gov/grantednotedlist/15grantednotedlist.

(same).

Moreover, district courts in the Ninth Circuit have granted longer stays than the stay requested here, pending the Supreme Court's decision in Spokeo.  See, e.g., Ramirez v. Trans Union, LLC, No. 12-cv-00632-JSC, 2015 WL 6159942, at *2 (N.D. Cal. June 22, 2015) (staying a case arising under the FCRA); Provo v. Rady Children's Hosp.-San Diego, No. 15cv0081 JM (BGS), 2015 WL 6144029, at *1 (S.D. Cal. July 29, 2015) (staying a case arising under the Fair Debt Collection Practices Act ("FDCPA")).

Here, a stay of the Action is the fairest course for the parties.  The outcome of Spokeo will affect the case at hand if the Supreme Court determines that Plaintiff does not have Article III standing by only alleging a bare violation of the TCPA, but no concrete harm.  The Supreme Court has already heard oral argument in Spokeo, and the decision in Spokeo will likely be issued within a few months of this Order.  Accordingly, the possible prejudice to Plaintiff is minimal, as this case will only be stayed for a few months until the Supreme Court's ruling in Spokeo.

Moreover, Plaintiff does not seek immediate injunctive relief to remedy an ongoing violation of the TCPA.  See Lopez, 2010 WL 3637755, at *5 (finding that stay was warranted even though plaintiff suffered ongoing harm and sought injunctive relief because, among other things, plaintiff's harm could be remedied

by an award of damages). Plaintiff will not be unduly prejudiced or harmed by a stay of the proceedings, which only stands to delay Plaintiff's potential recovery for a few months.

Defendant also faces the risk of unnecessary proceedings and expenses if this case is not stayed, as Defendant will incur costs relating to fact and expert discovery, preparation of pretrial motions, and trial preparation to defend this Action. These costs may be unnecessary if the Supreme Court finds that Plaintiff does not have Article III standing. "It would be burdensome for both parties to spend much time, energy, and resources on pretrial and discovery issues, only to find those issues moot within less than a year." Lopez, 2010 WL 3637755, at *4.

A stay in this case will also streamline the case and avoid unnecessary litigation. See Provo, 2015 WL 6144029, at *1 (noting that a stay would streamline the case, identify controlling legal principles, and identify the scope of discovery). Accordingly, the public interest in preserving judicial resources weighs in favor of staying the case.

Lastly, the Court is confident that a stay of the action is appropriate because several other Ninth Circuit district courts have so similarly held. See Ramirez, 2015 WL 6159942, at *2 (staying FCRA case pending Spokeo decision); Provo, 2015 WL 6144029, at *1 (staying FDCPA case pending Spokeo decision); Malakha

7

v. Nationwide Credit, Inc., No. 3:15-cv-1562-DMS-MDD (S.D. Cal. Dec. 15, 2015), Def.'s Req. For Judicial Notice Ex. 4; Fromer, 2015 WL 6579779, at *1 (staying TCPA case pending Spokeo decision); Patel v. Trans Union, LLC et al., No. 3:14-cv-0522-LB (N.D. Cal. Sept. 3, 2015), Def.'s Req. For Judicial Notice, Ex. 3 (staying FRCA case pending Spokeo decision); Larson v. Trans Union, LLC, No. 12-CV-057260-WHO, 2015 WL 3945052, at *8 (N.D. Cal. June 26, 2015) (staying FRCA case pending Spokeo decision).[4]

2. Stay Pending Appeal No. 15-1211 in the D.C. Circuit

A stay is also warranted pending the D.C. Circuit's decision on the appeals[5] of the Federal Communications Commission's ("FCC") In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991, 30 FCC Rcd 7961 (2015) ("July 2015 Ruling").

In ACA Int'l, Appeal No. 15-1211, the D.C. Circuit will address, among other things, what type of

---

[4] Plaintiff's reliance on Speer v. Whole Food Market Grp., Inc., No. 8:14-cv-3035-T-26TBM, 2015 WL 2061665, at *1 (M.D. Fla. Apr. 29, 2015) is not as persuasive as the cases mentioned above, as Speer was decided two days after the Supreme Court granted certiorari in Spokeo, and before oral argument in Spokeo was heard.

[5] Defendant notes two appeals before the D.C. Circuit: (1) ACA Int'l v. Fed. Commc'ns Comm'n, Appeal No. 15-1211 (D.C. Circuit) (filed on Oct. 13, 2015), and (2) Chamber of Commerce v. Fed. Commc'ns Comm'n, Appeal No. 15-1306 (D.C. Circuit) (filed on Sept. 2, 2015). The D.C. Circuit consolidated Appeal No. 15-1306, and others, with Appeal No. 15-1211. Def.'s Req. For Judicial Notice, Ex. 5.

equipment constitutes an ATDS.  Under the TCPA, an ATDS is equipment "which has the capacity (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers."  47 U.S.C. § 227(a)(1).  Under the July 2015 Ruling, a piece of equipment has sufficient "capacity" to qualify as an ATDS if it has the present or "potential" capacity to store or produce numbers to be called using a random generator, but not if it only has the "theoretical" capacity.  July 2015 Ruling at 7971-78 ¶¶ 10-24.  The July 2015 Ruling does not clarify the difference between "potential" and "theoretical" capacity.

The D.C. Circuit will determine whether the FCC's treatment of the term "capacity" within the definition of an ATDS is "arbitrary, capricious, and an abuse of discretion, and results in an approach that does not comport with the caller's constitutional rights of due process and freedom of speech and that disregards the applicable statute."  Def.'s Req. For Judicial Notice, Ex. 1.  Because Plaintiff must prove that Defendant called her using an ATDS in order to establish a TCPA claim, the definition of an ATDS is directly implicated in this litigation.[6]  See Meyer v. Portfolio Recovery Assocs., LLC, 707 F.3d 1036, 1043 (9th Cir. 2012) ("The three elements of a TCPA claim are: (1) the defendant

---

[6] Plaintiff's argument that a "predictive dialer" definitively constitutes an ATDS is irrelevant.  Plaintiff's Complaint does not allege that Defendant used a "predictive dialer" to call Plaintiff.

called a cellular telephone number; (2) using an automatic telephone dialing system [ATDS]; (3) without the recipient's prior express consent.").

The final briefing in Appeal No. 15-1211 was completed on February 24, 2016. Def.'s Req. For Judicial Notice, Ex. 5. Accordingly, Appeal No. 15-1211 is not likely to remain pending for an extended period of time, and the possible prejudice to Plaintiff is minimal.

Additionally, for similar reasons as set forth above, hardship to Defendant and considerations of judicial economy weigh in favor of a stay. If the case is not stayed, Defendant will suffer hardship in conducting discovery and trial preparation in light of the uncertain difference between "potential" capacity and "theoretical" capacity under the definition of an ATDS.

Lastly, granting a stay will simplify the issues in this case and conserve judicial resources. Any Order by this Court which is issued in reliance on the July 2015 Ruling will be called into question if the D.C. Circuit overturns the July 2015 Ruling. Accordingly, the Court and both parties will benefit from a clarification of the applicable law. See Provo, 2015 WL 6144029, at *1.

### III. CONCLUSION

For these reasons, the Court **GRANTS** Defendant's Motion [19] and **STAYS** the case until the Supreme Court decides Spokeo and the D.C. Circuit decides Appeal No.

15-1211.  The parties shall jointly file a status report notifying the Court of how the parties wish to proceed in this Action within fourteen (14) days of both decisions being issued.

Further, the Scheduling Conference, presently under submission [33], is vacated and will be reset as necessary.

**IT IS SO ORDERED.**

DATED: February 26, 2016          /s/ RONALD S.W. LEW

**HONORABLE RONALD S.W. LEW**
Senior U.S. District Judge